No. 3128.—Mata Escobar, aplte., *v.* González, apdos.—C. D. San Juan, Disto. 1º.   Mayo 18, 1925.   Entrega de propiedad.

Por cuanto, la Corte de Distrito de San Juan, Primer Distrito, dictó sentencia en este caso declarando sin lugar la demanda enmendada que contiene tres causas de acción, por falta de hechos suficientes para determinar las causas de acción ejercitadas;

Por cuanto, es innecesario considerar lo relativo a la primera causa de acción, porque la misma parte apelante reconoce en su alegato que es justa la sentencia por lo que a ella se refiere;

Por cuanto, analizando la segunda causa de acción resulta que la finca sobre que versa el litigio fué adquirida por los demandados Eduardo J. González y su esposa a virtud de venta primitivamente hecha por Agustina Casado viuda de Escobar, y vendida a su vez por los dichos esposos González Géigel en 1906 al demandante Juan de Mata Escobar y Casado la venta fué anulada por sentencia dictada en 1913 en pleito seguido contra el dicho Juan de Mata Escobar y Casado, basado en que Agustina Casado viuda de Escobar no era dueña de la finca que pertenecía a los herederos de su esposo Juan de Mata Escobar y Cepeda, entre los cuales se encontraba Juan de Mata Escobar y Casado, el demandante;

Por cuanto, devuelto, a virtud de la sentencia de 1913, la finca a los herederos de Juan de Mata Escobar y Cepeda, procedieron dichos herederos en 1918 a liquidarla haciéndose adjudicación de cinco quince avas partes de la finca a la

viuda Agustina Casado "en pago de su aportación al ma-
trimonio con el causante," de cuatro quince avas partes al
demandante, hijo de Juan de Mata, y del resto a los otros
herederos que fueron los que promovieron el pleito;

Por cuanto, a virtud de diferentes transferencias hechas
por la viuda y los herederos de Juan de Mata Escobar y Ce-
peda de sus respectivos condominios a diferentes personas,
los demandados Eduardo J. González y Enrique González
se convirtieron finalmente en dueños de la finca;

Por cuanto, no es posible concluir como pretende el ape-
lante que al adquirir de nuevo Eduardo J. González revi-
viera el derecho del demandante adquirido a virtud de la
compra que hiciera en 1906 al dicho Eduardo J. González y
su esposa, en cuanto al condominio que se adjudicó a la viuda
en la partición de 1918, entre otras razones, porque en nin-
guna parte de la demanda consta que la viuda fuera con-
dueña con anterioridad a 1918, pudiendo consistir la aporta-
ción que se le pagó, en dinero en efectivo o en otros bienes
distintos de la finca;

Por cuanto, la tercera causa de acción, o sea la división
de comunidad, está basada en la segunda y ya hemos visto
que la segunda no existe;

Por cuanto, expresamente se consigna por la propia parte
apelante en su alegato que no se ejercita en la demanda la
acción de saneamiento que pudiera tener el demandante con-
tra sus vendedores a virtud de la anulación de la venta, y

Por cuanto, debe estimarse que tampoco erró la corte al
no conceder permiso para enmendar la demanda, ya que se
trataba de una demanda enmendada y el apelante no ha de-
mostrado la forma concreta en que podría enmendarse de
modo que adujera la causa de acción ejercitada:

Por tanto, no habiéndose cometido los errores señalados,
procede declarar como se *declara sin lugar el recurso y con-
firmar como se confirma la sentencia apelada.*

El Juez Asociado Sr. Hutchison disintió.

El Juez Asociado Sr. Wolf firmó conforme con la parte dispositiva de la sentencia.